## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| CHARLES IRICK, ANGELA IRICK, MEREDITH IRICK, JEREMY IRICK, and ANDREW IRICK<br>6716 Ridgeview Road<br>Knoxville, Tennessee 37918<br><br>Plaintiffs,<br><br>v.<br><br>ICE FREIGHT, LLC<br>289 Beaver Brook Road<br>Lincoln Park, New Jersey 07035<br><br>and<br><br>RADOVIC DJORDJE<br>64 Lexington Avenue<br>Patterson, New Jersey 07502<br><br>Defendants. | No. 1-321-22<br><br>(JURY DEMANDED) |

## COMPLAINT

Come the Plaintiffs, by and through counsel, and sue the Defendants and for cause of action state the following:

1. The Plaintiffs, Charles Irick, Angela Irick, Meredith Irick, Jeremy Irick, and Andrew Irick, are citizens and residents of Knox County, Tennessee, residing at the address named in the caption.

2. The Defendant, ICE Freight, LLC, is a foreign limited liability company with its principal place of business located at the address named in the caption. Service of process is requested upon said Defendant pursuant to T.C.A. § 20-2-203 upon the Tennessee Secretary of

State with notice forwarded to the Defendant at the address named in the caption.

3. The Defendant, Radovic Djordje, is a citizen and resident of Patterson, New Jersey. Service of process is requested upon said Defendant pursuant to T.C.A. § 20-2-203 through the Tennessee Secretary of State with notice forwarded to the Defendant at the address named in the caption.

4. This cause of action arises out of a motor vehicle collision which occurred on or about November 19, 2021, in Sevier County, Tennessee resulting in the injuries and damages to the Plaintiffs as set forth herein. The venue for this cause of action is Knox County, Tennessee pursuant to T.C.A. § 20-2-203(d).

5. On or about November 19, 2021, the Plaintiff, Charles Irick, was operating a 2019 Honda automobile in an eastbound direction on Interstate 40 in Sevier County, Tennessee. The Plaintiffs, Angela Irick, Meredith Irick, Jeremy Irick, and Andrew Irick, were passengers in the vehicle operated by Charles Irick. At all times herein material, the Defendant, Radovic Djordje, was operating a 2019 Volva tractor trailer owned by the Defendant, ICE Freight, LLC, in an eastbound direction on Interstate 40 behind the Plaintiffs' vehicle. At the time of the subject collision, the Plaintiffs' vehicle was slowing behind other traffic on Interstate 40. As the Plaintiffs' vehicle was slowing behind other vehicles, suddenly and without warning and through negligence as set forth herein, the Defendant, Radovic Djordje, collided his tractor trailer into the rear of the Plaintiffs' vehicle resulting in injuries and damages to the Plaintiffs as set forth herein. The Plaintiffs would show that at all times herein material, the Defendant, Radovic Djordje, was operating his vehicle at an excessive rate of speed for the conditions then and there existing and

in reckless disregard for other motorists traveling on Interstate 40. Plaintiffs would further show that at all times herein material, Charles Irick, was operating his vehicle in a careful and prudent manner and was observing all traffic laws.

6. At all times herein material, the Defendant, Radovic Djordje, was guilty of the following acts and/or omissions and said acts and/or omissions constitute negligence and the proximate cause of the injuries and damages sustained by the Plaintiffs:

> A. He failed to keep a proper lookout for traffic slowing and stopping in front of him;
>
> B. He failed to maintain proper control over his vehicle;
>
> C. He failed to maintain sufficient distance between his vehicle and traffic in front of him;
>
> D. He operated his vehicle at an excessive speed for the conditions then and there existing;
>
> E. He failed to apply his brakes or otherwise stop his vehicle prior to colliding into traffic in front of him; and,
>
> F. He was operating his vehicle in a reckless manner.

7. At all times herein material, the Defendant, Radovic Djordje, was guilty of violating the following sections of the *Tennessee Code Annotated*, which violations constitute the proximate cause of said collision and said violations are negligence *per se*:

> A. *Tenn.CodeAnn.* § 55-8-152. Speed limits;
>
> B. *Tenn.CodeAnn.* § 55-8-153. Establishment of speed zones;
>
> C. *Tenn.CodeAnn.* § 55-8-124. Following too closely;
>
> D. *Tenn.CodeAnn.* § 55-8-136. Drivers to exercise due care; and,
>
> E. *Tenn.CodeAnn.* § 55-10-205. Reckless driving.

3

8. The Plaintiffs allege upon information and belief that at all times herein material, the Defendant, Radovic Djordje, was operating a vehicle that was owned and maintained by the Defendant, ICE Freight, LLC. The Plaintiffs allege upon information and belief that at all times herein material, the Defendant, Radovic Djordje, was operating said vehicle with the knowledge, consent, and permission of the Defendant, ICE Freight, LLC, and at all times herein material, the Defendant, Radovic Djordje, was an agent for the Defendant, ICE Freight, LLC, as provided for by T.C.A. § 55-10-311 and § 55-10-312, and all acts and/or omissions charged in this cause against the Defendant, Radovic Djordje, are imputed to the Defendant, ICE Freight, LLC, through the doctrine of *respondeat superior*. The Plaintiffs further allege that the Defendant, ICE Freight, LLC, was negligent in entrusting said tractor trailer to the Defendant, Radovic Djordje, and/or was negligent in hiring and/or retaining the Defendant, Radovic Djordje, as a tractor trailer driver. The Plaintiffs further allege that the Defendant, ICE Freight, LLC, was negligent in failing to adequately train and/or supervise the Defendant, Radovic Djordje.

9. As a direct and proximate result of the negligence of the Defendants as set forth herein, the Plaintiffs were caused to sustain personal injuries. As a result of said injuries, the Plaintiffs have been caused to come under the care of medical doctors and other specialists and incur expenses associated with said treatment; that the Plaintiffs have been caused to suffer a depreciation of their ability to enjoy the riches of life as a result of their injuries, inasmuch as their injuries have been painful and disabling in nature; and, that the Plaintiffs sue the Defendants for their pain, suffering, medical expenses, loss of enjoyment of life, emotional distress, and for

4

future pain, suffering, loss of earning capacity, loss of enjoyment of life and disabilities which may result from their injuries sustained.

10. As a direct and proximate result of the negligence of the Defendants as set forth herein, the Plaintiffs, Charles Irick and Angela Irick, have been caused to suffer a loss of services and society resulting from the injuries to their spouse. The Plaintiffs, Charles Irick and Angela Irick, further sue the Defendants for a loss of consortium resulting from injuries to their spouse as set forth herein.

11. The Plaintiffs would further show that at the time of the subject collision, they were insured under a policy of insurance covering the Plaintiffs for injuries and damages caused by an uninsured or underinsured motorist with Erie Insurance Exchange (Erie). Erie is a foreign insurance company doing business in the state of Tennessee and service of process is requested under the *Tennessee Uninsured Motorist Act* upon Erie through the Tennessee Commissioner of Insurance in Nashville, with notification forwarded to Erie at One Lakeside Centre, 2035 Lakeside Centre Way, Suite 140, Knoxville, Tennessee 37922 (Claim No. A00003759080). The Plaintiffs request that Erie be required to come into this cause and answer as provided by law and that a copy of this Complaint and a Summons be served upon Erie as if it were a Defendant in this cause.

**WHEREFORE**, the Plaintiff, Charles Irick, sues the Defendants for compensatory damages in a sum to be determined as fair and reasonable by the jury in this cause, not to exceed the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00); that the Plaintiff,

Angela Irick, sues the Defendants for compensatory damages in a sum to be determined as fair and reasonable by the jury in this cause, not to exceed the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00); that the Plaintiff, Meredith Irick, sues the Defendants for compensatory damages in a sum to be determined as fair and reasonable by the jury in this cause, not to exceed the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00); that the Plaintiff, Jeremy Irick, sues the Defendants for compensatory damages in a sum to be determined as fair and reasonable by the jury in this cause, not to exceed the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00); that the Plaintiff, Andrew Irick, sues the Defendants for compensatory damages in a sum to be determined as fair and reasonable by the jury in this cause, not to exceed the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00); and, that the Plaintiffs join together and demand a jury to try this cause.

Respectfully submitted this 9th day of November, 2022.

MARK E. FLOYD (BPR#011488)
Mefloyd@knoxvillelaw.com
PRYOR, PRIEST, HARBER, FLOYD & COFFEY
Post Office Box 870
Knoxville, Tennessee 37901
865-522-4191

## COST BOND

We, Charles Irick, Angela Irick, Meredith Irick, Jeremy Irick, and Andrew Irick, as Principals, and PRYOR, PRIEST, HARBER, FLOYD & COFFEY, as Surety, are held and firmly bound unto the Circuit Court for Knox County, Tennessee, for the payment of all costs awarded against the principals. To that end, we bind ourselves, our heirs, executors, and administrators.

The Principals are commencing a legal proceeding in the Circuit Court for Knox County, Tennessee. If the Principals shall pay all costs which are adjudged against them, then this obligation is void. If the Principals fail to pay, then the surety shall undertake to pay all costs adjudged against the Principals. Mandated at T.C.A. § 20-12-120, *et seq*.

Charles Irick
6716 Ridgeview Road
Knoxville, Tennessee 37918

*Charles Irick by Mark E. Floyd, attorney in fact*
PRINCIPAL

Angela Irick
6716 Ridgeview Road
Knoxville, Tennessee 37918

*Angela Irick by Mark E. Floyd, attorney in fact*
PRINCIPAL

Meredith Irick
6716 Ridgeview Road
Knoxville, Tennessee 37918

*Meredith Irick by Mark E. Floyd, attorney in fact*
PRINCIPAL

Jeremy Irick
6716 Ridgeview Road
Knoxville, Tennessee 37918

*Jeremy Irick by Mark E. Floyd, attorney in fact*
PRINCIPAL

Andrew Irick
6716 Ridgeview Road
Knoxville, Tennessee 37918

*Andrew Irick by Mark E. Floyd, attorney in fact*
PRINCIPAL

PRYOR, PRIEST, HARBER, FLOYD & COFFEY
Two Centre Square, Suite 600
625 Gay Street
P. O. Box 870
Knoxville, Tennessee 37901

BY: *Mark E. Floyd*
SURETY

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| CHARLES IRICK, ANGELA IRICK, MEREDITH IRICK, JEREMY IRICK, and ANDREW IRICK <br> 6716 Ridgeview Road <br> Knoxville, Tennessee 37918 <br><br> Plaintiffs, <br><br> v. <br><br> ICE FREIGHT, LLC <br> 289 Beaver Brook Road <br> Lincoln Park, New Jersey 07035 <br><br> and <br><br> RADOVIC DJORDJE <br> 64 Lexington Avenue <br> Patterson, New Jersey 07502 <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § <br><br> No. 1-321-22 <br><br> (JURY DEMANDED) |

## SUMMONS

### TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon MARK E. FLOYD, Plaintiff's attorney, whose address is P.O. Box 870, Suite 600, 625 Gay Street, Knoxville, Tennessee 37901, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued this ___ day of _____, 2022.

_____          _____
CLERK                                                                                 DEPUTY CLERK

This summons is issued pursuant to Rule 4 of the *Tennessee Rules of Civil Procedure*.

## TO THE DEFENDANT(S):

Tennessee law provides Ten Thousand Dollars ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: **Defendant, Erie Insurance Exchange (NAIC No. 26271), may be served through the Tennessee Commissioner of Insurance, Volunteer Plaza, 500 James Robertson Parkway, Nashville, Tennessee 37219 with notification forwarded to Erie Claims Office, One Lakeside Centre, 2035 Lakeside Centre Way, Suite 140, Knoxville, Tennessee 37922**

## RETURN

I received this summons on the _____ day of _____, 2022.

I hereby certify and return that on the _____ day of _____, 2022,

I: ( ) served this summons and a complaint on defendant, _____, in

the following manner:

_____

( ) failed to serve this summons within 90 days after its issuance because:

_____

_____

PROCESS SERVER

| | |
|---|---|
| CHARLES IRICK, ANGELA IRICK, <br> MEREDITH IRICK, JEREMY IRICK, <br> and ANDREW IRICK <br> 6716 Ridgeview Road <br> Knoxville, Tennessee 37918 <br><br> Plaintiffs, <br><br> v. <br><br> ICE FREIGHT, LLC <br> 289 Beaver Brook Road <br> Lincoln Park, New Jersey 07035 <br><br> and <br><br> RADOVIC DJORDJE <br> 64 Lexington Avenue <br> Patterson, New Jersey 07502 <br><br> Defendants. | No. 1-321-22 <br><br> (JURY DEMANDED) |

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby summoned and required to serve upon MARK E. FLOYD, Plaintiff's attorney, whose address is P.O. Box 870, Suite 600, 625 Gay Street, Knoxville, Tennessee 37901, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint. You are being served pursuant to *Tenn.CodeAnn.* § 20-2-203 and you are hereby placed on notice that you shall be subject to an appearance in the state of Tennessee for the purpose of giving a pre-trial discovery deposition.

Issued this ___ day of _____, 2022.

_____          _____
CLERK                                                                                                DEPUTY CLERK

This summons is issued pursuant to Rule 4 of the *Tennessee Rules of Civil Procedure*.

## TO THE DEFENDANT(S):

Tennessee law provides Ten Thousand Dollars ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: **Defendant, ICE Freight, LLC, can be served through the Tennessee Secretary of State (Division of Business Services Summons Section, Nashville, Tennessee) with notification forwarded to the Defendant at 289 Beaver Brook Road, Lincoln Park, New Jersey 07035.**

## RETURN

I received this summons on the _____ day of _____, 2022.

I hereby certify and return that on the _____ day of _____, 2022,

I: ( ) served this summons and a complaint on defendant, _____, in the following manner: _____

( ) failed to serve this summons within 90 days after its issuance because: _____

_____
PROCESS SERVER

| | |
|---|---|
| CHARLES IRICK, ANGELA IRICK, <br> MEREDITH IRICK, JEREMY IRICK, <br> and ANDREW IRICK <br> 6716 Ridgeview Road <br> Knoxville, Tennessee 37918 <br><br> Plaintiffs, <br><br> v. <br><br> ICE FREIGHT, LLC <br> 289 Beaver Brook Road <br> Lincoln Park, New Jersey 07035 <br><br> and <br><br> RADOVIC DJORDJE <br> 64 Lexington Avenue <br> Patterson, New Jersey 07502 <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § <br><br> No. 1-321-22 <br><br> (JURY DEMANDED) |

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby summoned and required to serve upon MARK E. FLOYD, Plaintiff's attorney, whose address is P.O. Box 870, Suite 600, 625 Gay Street, Knoxville, Tennessee 37901, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint. You are being served pursuant to *Tenn.CodeAnn.* § 20-2-203 and you are hereby placed on notice that you shall be subject to an appearance in the state of Tennessee for the purpose of giving a pre-trial discovery deposition.

Issued this ___ day of _____, 2022.

_____         _____
CLERK                                                                    DEPUTY CLERK

This summons is issued pursuant to Rule 4 of the *Tennessee Rules of Civil Procedure.*

**TO THE DEFENDANT(S):**

Tennessee law provides Ten Thousand Dollars ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: **Defendant, Radovic Djordje, can be served through the Tennessee Secretary of State (Division of Business Services, Summons Section, Nashville, Tennessee) with notification forwarded to the Defendant at 64 Lexington Avenue, Patterson, New Jersey 07035.**

## RETURN

I received this summons on the _____ day of _____, 2022.

I hereby certify and return that on the _____ day of _____, 2022,

I: ( ) served this summons and a complaint on defendant, _____, in the following manner:

_____

( ) failed to serve this summons within 90 days after its issuance because:

_____

_____
PROCESS SERVER